IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| COSMOPOLITAN INCORPORATED, | ) |
| | ) |
| Plaintiff, | ) 2:20-CV-01142-MJH |
| | ) |
| vs. | ) |
| | ) |
| PNC BANK NATIONAL ASSOCIATION, | ) |
| | ) |
| Defendant, | |

OPINION AND ORDER

Plaintiff, Cosmopolitan Incorporated, brings the within action for detrimental reliance[1] against Defendant, PNC Bank National Association, for its failure to successfully assist Cosmopolitan in making a demand on a down payment guarantee. (ECF No. 3). PNC has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and/or for Summary Judgment pursuant to Fed. R. Civ. P. 56. The matter is now ripe for consideration.

Upon consideration of Cosmopolitan's Complaint (ECF No. 3), PNC's Motion to Dismiss and/or Motion for Summary Judgment and Brief in Support (ECF NO. 9), Cosmopolitan's Response in Opposition (ECF No. 12), PNC's Reply Brief (ECF No. 16), and for the following reasons, PNC's Motion to Dismiss will be granted, and PNC's Motion for Summary Judgment will be denied. Cosmopolitan will be granted leave to amend its complaint.

I. Background

Plaintiff Cosmopolitan Incorporated ("Cosmopolitan") is a Maryland-based prime contractor that provides construction and engineering services to the United States government

---

[1] On October 10, 2019, Cosmopolitan voluntarily dismissed its breach of contract claim. (ECF Nos. 14 and 15).

for domestic and international projects. (ECF No. 3 at ¶ 1). Cosmopolitan engaged ENGIE Gebaudetechnik GmbH ("ENGIE") as a subcontractor to renovate an embassy in Vienna, Austria. *Id*. at ¶ 4. As permitted by Austrian law, ENGIE demanded that Cosmopolitan deposit a substantial down payment before ENGIE commenced its performance under the subcontract. *Id*. at ¶ 5. As security for Cosmopolitan's down payment, Raiffeisen Bank International AG ("Raiffeisen") issued a Down Payment Guarantee on ENGIE's behalf in the amount of €296,400.00. *Id*. at ¶ 6. The terms of the Guarantee outlined that any valid demand had to be transmitted through Cosmopolitan's bank, which was to confirm that the signatures on the demand were legally binding on Cosmopolitan. *Id*. at ¶ 7. Any demand on the Guarantee had to be made before April 30, 2018. *Id*. at ¶ 8.

In early 2018, ENGIE abandoned the project and refused to complete the work required under the subcontract. *Id*. at ¶ 9. Thereafter, Cosmopolitan contacted its bank, PNC, to obtain assistance with making a demand on the Guarantee. *Id*. at ¶ 10. Cosmopolitan alleges that on April 6, 2018, it provided PNC with paperwork that demonstrated that Cosmopolitan timely paid the down payment to ENGIE. *Id*. at ¶¶ 10-11. Cosmopolitan alleges that PNC waited until April 20, 2018 to send the demand to Raiffeisen and that PNC failed to confirm that the signatures on Cosmopolitan's demand were legally binding, as was required under the terms of the Guarantee. *Id*. at ¶ 12. On April 27, 2018, Raiffeisen allegedly advised PNC that the demand did not comply with the Guarantee's requirements. *Id*. at ¶ 13. As a result, Raiffeisen allegedly refused to honor Cosmopolitan's April 20, 2018 demand, and subsequent demands, because they occurred after the Guarantee's April 30, 2018 expiration date. *Id*. at ¶¶ 14–15. As a result of PNC's alleged failure to comply with the Guarantee's requirements, Cosmopolitan avers a sole count of detrimental reliance against PNC. *Id*. at ¶¶ 31-39.

In its Motion to Dismiss, PNC argues that Cosmopolitan has failed to plead the necessary elements to support a detrimental reliance claim. In the alternative, PNC moves for summary judgment, attaching documents to demonstrate that PNC never promised Cosmopolitan that it would carry out the alleged demand to Raiffeisen. (ECF Nos. 9-2 and 9-3).

II.   Standards of Review

    a.   Motion to Dismiss

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d

Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.' " *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

      b. Motion for Summary Judgment

Summary judgment may only be granted where the moving party shows that there is no genuine dispute about any material fact, and that judgment as a matter of law is warranted. Fed. R. Civ. P. 56(a). Pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against a party who fails to make a showing sufficient to establish an element essential to his or her case, and on which he or she will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In evaluating the evidence, the court must interpret the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in his or her favor. *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007). In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, make credibility determinations, or determine the truth of the matter; rather, its function is to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000) (citing decisions); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998). The mere existence of a factual dispute, however, will not necessarily defeat a motion for summary judgment. Only a dispute over a material fact—that is, a fact that would affect the outcome of the suit under the governing substantive law—will preclude the entry of summary judgment. *Liberty Lobby*, 477 U.S. at 248.

III.   Discussion

      a. Motion to Dismiss

PNC contends that Cosmopolitan's Complaint should be dismissed, because Cosmopolitan fails to plead that PNC made a clear and definite promise as a requisite element of a detrimental reliance claim. PNC also argues that Cosmopolitan does not allege that PNC stated

that it would submit a "demand on the guarantee."  Therefore, PNC contends that, without the element of a clear and definite promise by PNC to submit a "demand on the guarantee," then the detrimental reliance is insufficiently pleaded.  Cosmopolitan counters in its brief (ECF No. 12 at p. 6), that PNC agreed to assist Cosmopolitan in making the demand on the guarantee, that PNC understood what was required of it, but then sent a letter that did not comply with the Guarantee requirements.  PNC has responded that Cosmopolitan's factual assertion, as argued in its brief, does not appear in its Complaint.  From Cosmopolitan's Complaint, the facts pleaded in support of its detrimental reliance claim, are as follows:

> 32. On April 6, 2018, Cosmopolitan provided all necessary information to PNC in order for PNC to carry out the demand on the Guarantee held by Raiffeisen.
>
> 33. PNC acknowledged receipt of the information and confirmed its understanding of the necessary steps to be taken to carry out the demand on Cosmopolitan's behalf.

(ECF No. 3 at ¶¶ 32-33).

"A cause of action under detrimental reliance or promissory estoppel arises when a party relies to his detriment on the intentional or negligent representations of another party, so that in order to prevent the relying party from being harmed, the inducing party is estopped from showing that the facts are not as the relying party understood them to be." *Rinehimer v. Luzerne Cty. Cmty. Coll.*, 539 A.2d 1298, 1306 (Pa. Super. 1988). Promissory estoppel and detrimental reliance claims are treated interchangeably by Pennsylvania courts.  *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 634 (3d Cir. 2013).

To establish a claim for promissory estoppel, a claimant must prove 1) a promise, 2) which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, 3) which does induce such action or forbearance is binding, and 4) injustice can be avoided only by the enforcement of the

promise. *See Weavertown Transport Leasing, Inc. v. Moran*, 834 A.2d 119, 1174 (Pa. Super. 2003). The promisor must make a promise that he reasonably expects to induce reliance and that is not broad or vague. *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d at 634; *Burton Imagine Group v. Toys "R" Us, Inc.*, 502 F.Supp.2d 434, 438-39 (E.D. Pa. 2007); accord *Fried v. Fisher*, 328 Pa. 497, 503, 196 A. 39, 43 (1938).

Here, while Cosmopolitan has averred that PNC confirmed its understanding of the necessary steps to carry out the demand, the allegations regarding any promise are too vague and indefinite. As pleaded, the Complaint only avers that PNC acknowledged that it received and understood the steps, not that it promised to carry out the demand.  Without an adequate allegation to support the promise element, Cosmopolitan cannot sustain its claim for detrimental reliance.  Therefore, PNC's Motion to Dismiss will be granted.  Cosmopolitan will be granted leave to amend.

      b.  Motion for Summary Judgment

PNC argues that even if Cosmopolitan adequately pleaded a detrimental reliance claim, it cannot succeed because the documents attached to its Motion for Summary Judgment belie that PNC made any definite promise to Cosmopolitan.  Cosmopolitan argues that the Motion for Summary Judgment is premature because the parties have not engaged in discovery and that the documents produced by PNC are out of context.  In its motion, PNC attached an email exchange between Upinder K. Chandhok, a PNC senior vice president, and Adam Hidey, a Cosmopolitan administrator.  (ECF No. 9-2). In that exchange, dated April 17, 2018,  Mr. Chandhok stated, "I know that we [PNC] cannot 'demand' the funds as your bank, still, we should be able to write a letter to authenticate Cosmopolitan Inc. and Mr. Kim as the owner and Business signer." *Id*.  On

7

April 20, 2018, PNC submitted a notarized letter indicating Cosmopolitan is a PNC account holder and that Mr. Kim was the authorized business owner.  (ECF No.  9-3).

The submitted documents would initially support that Cosmopolitan cannot prove its detrimental reliance claim, because PNC did not promise to meet the demand.  However, because the pleadings have not closed and the parties have not begun formal discovery, the Court finds that it would be premature to rule on any motion for summary judgment.

Accordingly, PNC's Motion for Summary Judgment will be denied, as premature and without prejudice, with leave to re-file as appropriate following discovery in the case.

ORDER

And Now this 11th day of August 2020, after consideration of Cosmopolitan's Complaint (ECF No. 3), PNC's Motion to Dismiss and/or Motion for Summary Judgment and Brief in Support (ECF NO. 9), Cosmopolitan's Response in Opposition (ECF No. 12), PNC's Reply Brief (ECF No. 16), and for the foregoing reasons, PNC's Motion to Dismiss is granted and PNC's Motion for Summary Judgment is denied.  Cosmopolitan is granted leave to amend its Complaint.  Any amended complaint shall be filed on or before **August 25, 2020**.  PNC shall file any response to an amended complaint on or before **September 8, 2020**.  Should no amended complaint be filed by **August 25, 2020**, the Court will direct the Clerk to mark this case closed.

BY THE COURT:

_____
Marilyn J. Horan
United States District Judge